FILED IN OPEN COURT
ON 11-15-2018
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC
JAA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CR-00060-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | SUPERSEDING |
| v. ) | INDICTMENT |
| ) | (UNDER SEAL) |
| PHIL CAPRICE HOWARD ) | |

THE GRAND JURY CHARGES THAT:

### COUNT ONE

During the calendar year 2011, PHIL CAPRRICE HOWARD, defendant herein, a resident of Pink Hill, North Carolina, had and received gross income of at least $3,700. By reason of such gross income, PHIL CAPRICE HOWARD was required by law, following the close of the calendar year 2011 and on or before October 15, 2012, to make an income tax return to the Internal Revenue Service to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, PHIL CAPRICE HOWARD did willfully fail to timely make an income tax return, in violation of Title 26, United States Code, Section 7203.

### COUNT TWO

During the calendar year 2012, PHIL CAPRRICE HOWARD, defendant herein, a resident of Pink Hill, North Carolina, had and received gross income of at least $3,800. By reason of such gross

income, PHIL CAPRICE HOWARD was required by law, following the close of the calendar year 2012 and on or before October 15, 2013, to make an income tax return to the Internal Revenue Service to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, PHIL CAPRICE HOWARD did willfully fail to timely make an income tax return, in violation of Title 26, United States Code, Section 7203.

## COUNT THREE

During the calendar year 2013, PHIL CAPRRICE HOWARD, defendant herein, a resident of Pink Hill, North Carolina, had and received gross income of at least $3,900. By reason of such gross income, PHIL CAPRICE HOWARD was required by law, following the close of the calendar year 2013 and on or before April 15, 2014, to make an income tax return to the Internal Revenue Service to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, PHIL CAPRICE HOWARD did willfully fail to timely make an income tax return, in violation of Title 26, United States Code, Section 7203.

## COUNT FOUR

On or about March 27, 2015, in the Eastern District of North Carolina, PHIL CAPRICE HOWARD, defendant herein, a resident of Pink Hill, North Carolina, did willfully make and subscribe a false U.S. Individual Income Tax Return, IRS Form 1040, for the calendar year 2008, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said income tax return he did not believe to be true and correct as to every material matter, in that the said return stated: (1) on line 1 of Schedule C, that he had received total gross receipts of $98,245.00 whereas, as PHIL CAPRICE HOWARD then and there well knew and believed, he had gross receipts from a business substantially greater than the amount reported; and (2) on line 22 of Form 1040 that his total income was -$105,229.00, whereas PHIL CAPRICE HOWARD then well knew that his total income was substantially more, all in violation of Title 26, United States Code, Section 7206(1).

## COUNT FIVE

On or about January 24, 2017, in the Eastern District of North Carolina, PHIL CAPRICE HOWARD, defendant herein, a resident of Pink Hill, North Carolina, did willfully make and subscribe a false U.S. Individual Income Tax Return, IRS Form 1040, for the calendar year 2014, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal

Revenue Service, which said income tax return he did not believe to be true and correct as to every material matter, in that the said return: (1) failed to disclose that PHIL CAPRICE HOWARD was engaged in the operation of a business activity related to the purchase, sale, and transportation of cut-rag tobacco as well as farming activities from which he derived gross receipts or sales; and (2) stated on line 22 of Form 1040 that his total income was $18,775.00, whereas PHIL CAPRICE HOWARD then well knew that his total income was substantially more, all in violation of Title 26, United States Code, Section 7206(1).

## COUNT SIX

On or about January 27, 2017, in the Eastern District of North Carolina, PHIL CAPRICE HOWARD, defendant herein, a resident of Pink Hill, North Carolina, did willfully make and subscribe a false U.S. Individual Income Tax Return, IRS Form 1040, for the calendar year 2015, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said income tax return he did not believe to be true and correct as to every material matter, in that the said return: (1) failed to disclose that PHIL CAPRICE HOWARD was engaged in the operation of a business activity related to the purchase, sale, and transportation of cut-rag tobacco as well as farming activities from which he derived gross receipts or sales; and (2) stated on line 22 of Form 1040 that his total income was

4

$24,552.00, whereas PHIL CAPRICE HOWARD then well knew that his total income was substantially more, all in violation of Title 26, United States Code, Section 7206(1).

## COUNT SEVEN

On or about February 16, 2017, in the Eastern District of North Carolina, PHIL CAPRICE HOWARD, defendant herein, a resident of Pink Hill, North Carolina, did willfully make and subscribe a false U.S. Individual Income Tax Return, IRS Form 1040, for the calendar year 2016, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said income tax return he did not believe to be true and correct as to every material matter, in that the said return: (1) failed to disclose that PHIL CAPRICE HOWARD was engaged in the operation of a business activity related to the purchase, sale, and transportation of cut-rag tobacco as well as farming activities from which he derived gross receipts or sales; and (2) stated on line 22 of Form 1040 that his total income was $25,214.00, whereas PHIL CAPRICE HOWARD then well knew that his total income was substantially more, all in violation of Title 26, United States Code, Section 7206(1).

## COUNT EIGHT

1. On or about March 10, 2016, in the Eastern District of North Carolina, PHIL CAPRICE HOWARD, while under oath and testifying in a proceeding before a Grand Jury of the United States

5

in Greenville, North Carolina, knowingly did make a false material declaration, that is to say:

2. At the time and place aforesaid the grand jury was conducting an investigation to determine whether violations of Title 18, United States Code, Section 1014 and other criminal provisions had been committed, and to identify the persons who had committed, caused the commission of, and conspired to commit such violations. It was material to said investigation that the grand jury ascertain the relationship of PHIL CAPRICE HOWARD to the target of that investigation.

3. At the time alleged, PHIL CAPRICE HOWARD appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to the material matter alleged in paragraph II as follows:

> Q. And what is your cell phone number, sir?
>
> A. (XXX) XXX-3540.
>
> Q. Do you have any other cell numbers?
>
> A. <u>No</u>.

[False Declaration underlined above]

4. The aforesaid underscored testimony of PHIL CAPRICE HOWARD, as he then and there well knew and believed, was false in that, beginning from on or about July 19, 2014, through on or about June 16, 2017, PHIL CAPRICE HOWARD also possessed and used a

6

"burner mobile phone" ending in (XXX)-XXX-4538, and in fact, calls were placed on that "burner mobile phone" the day of grand jury, and toll records revealed that between August 17, 2014, and March 3, 2016, there were at least 441 calls/attempted calls/texts between this burner phone and the cellphone number of the target, and between April 6, 2016, and December 14, 2016, there were at least 11 calls/attempted calls between this burner phone and the cellphone number of the target.

All in violation of Title 18, United States Code, Section 1623.

## COUNT NINE

1. On or about March 10, 2016, in the Eastern District of North Carolina, PHIL CAPRICE HOWARD, while under oath and testifying in a proceeding before a Grand Jury of the United States in Greenville, North Carolina, knowingly did make a false material declaration, that is to say:

2. At the time and place aforesaid the grand jury was conducting an investigation to determine whether Title 18, United States Code, Section 1014 and other criminal provisions had been committed, and to identify the persons who had committed, caused the commission of, and conspired to commit such violations. It was material to said investigation that the grand jury ascertain the relationship of PHIL CAPRICE HOWARD to the target of that

7

investigation and whether the target ever used HOWARD to conceal the sale of tobacco in exchange for payment.

3. At the time alleged, PHIL CAPRICE HOWARD appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to the material matter alleged in paragraph II as follows:

> Q. Okay. So, you've been farming. . . . Other than farming and working a bit of construction and maintenance for Mr. [R] since 2014, do you do anything else?
>
> A. Uh-uh. Well, I take -- I mean, I -- I kind of help take care of my mama, but that's basically about the only thing I -- well, and I have -- I was gonna say I -- I have run construction equipment too now. Not lately, but I've done that in some of them years. Run a bulldozer and a excavator.
>
> . . .
>
> Q. Do you have income from any other sources other than these two - your farming operations and Mr. [R]?
>
> A. <u>No.</u>

[False declaration underlined above].

8

4. The aforesaid underscored testimony of PHIL CAPRICE HOWARD, as he then and there well knew and believed, was false in that, from in or about 2010, the exact date unknown, and continuing up to and including March 10, 2016, and thereafter, PHIL CAPRICE HOWARD was engaged in a business involving the purchase, sale, and exchange of at least $10.8 million in cut-rag tobacco and cigarettes for profit, and in connection with that business, between August 23, 2012, and February 10, 2016, Mr. [R] provided approximately $2.5 million dollars toward the purchase of cut-rag tobacco by and through PHIL CAPRICE HOWARD.

All in violation of Title 18, United States Code, Section 1623.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 15 Nov 2018

ROBERT J. HIGDON, JR.
United States Attorney

BY: *[signature]*
BANUMATHI RANGARAJAN
Senior Litigation Counsel
Criminal Division