UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CR-00060-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | SECOND |
| | ) | SUPERSEDING |
| v. | ) | INDICTMENT |
| | ) | |
| PHIL CAPRICE HOWARD | ) | |

The Grand Jury charges that:

## COUNT ONE

During the calendar year 2011, PHIL CAPRRICE HOWARD, defendant herein, a resident of Pink Hill, North Carolina, had and received gross income of at least $3,700. By reason of such gross income, PHIL CAPRICE HOWARD was required by law, following the close of the calendar year 2011 and on or before October 15, 2012, to make an income tax return to the Internal Revenue Service to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, PHIL CAPRICE HOWARD did willfully fail to timely make an income tax return, in violation of Title 26, United States Code, Section 7203.

## COUNT TWO

During the calendar year 2012, PHIL CAPRRICE HOWARD, defendant herein, a resident of Pink Hill, North Carolina, had and received gross income of at least $3,800. By reason of such gross income, PHIL CAPRICE HOWARD was required by law, following the close of the calendar year 2012 and on or before October

15, 2013, to make an income tax return to the Internal Revenue Service to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, PHIL CAPRICE HOWARD did willfully fail to timely make an income tax return, in violation of Title 26, United States Code, Section 7203.

## COUNT THREE

During the calendar year 2013, PHIL CAPRRICE HOWARD, defendant herein, a resident of Pink Hill, North Carolina, had and received gross income of at least $3,900. By reason of such gross income, PHIL CAPRICE HOWARD was required by law, following the close of the calendar year 2013 and on or before April 15, 2014, to make an income tax return to the Internal Revenue Service to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, PHIL CAPRICE HOWARD did willfully fail to timely make an income tax return, in violation of Title 26, United States Code, Section 7203.

## COUNT FOUR

On or about March 27, 2015, in the Eastern District of North Carolina, PHIL CAPRICE HOWARD, defendant herein, a resident of Pink Hill, North Carolina, did willfully make and subscribe a false U.S. Individual Income Tax Return, IRS Form 1040, for the calendar year 2008, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said income tax return he did not believe to be true and correct as to

every material matter, in that the said return stated: (1) on line 1 of Schedule C, that he had received total gross receipts of $98,245.00 whereas, as PHIL CAPRICE HOWARD then and there well knew and believed, he had gross receipts from a business substantially greater than the amount reported; and (2) on line 22 of Form 1040 that his total income was -$105,229.00, whereas PHIL CAPRICE HOWARD then well knew that his total income was substantially more, all in violation of Title 26, United States Code, Section 7206(1).

## COUNT FIVE

On or about January 24, 2017, in the Eastern District of North Carolina, PHIL CAPRICE HOWARD, defendant herein, a resident of Pink Hill, North Carolina, did willfully make and subscribe a false U.S. Individual Income Tax Return, IRS Form 1040, for the calendar year 2014, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said income tax return he did not believe to be true and correct as to every material matter, in that the said return: (1) failed to disclose that PHIL CAPRICE HOWARD was engaged in the operation of a business activity related to the purchase, sale, and transportation of cut-rag tobacco as well as farming activities from which he derived gross receipts or sales; and (2) stated on line 22 of Form 1040 that his total income was $18,775.00, whereas PHIL CAPRICE HOWARD then well knew that his total income was substantially more, all in violation of Title 26, United States Code, Section 7206(1).

## COUNT SIX

On or about January 27, 2017, in the Eastern District of North Carolina, PHIL CAPRICE HOWARD, defendant herein, a resident of Pink Hill, North Carolina, did willfully make and subscribe a false U.S. Individual Income Tax Return, IRS Form 1040, for the calendar year 2015, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said income tax return he did not believe to be true and correct as to every material matter, in that the said return: (1) failed to disclose that PHIL CAPRICE HOWARD was engaged in the operation of a business activity related to the purchase, sale, and transportation of cut-rag tobacco as well as farming activities from which he derived gross receipts or sales; and (2) stated on line 22 of Form 1040 that his total income was $24,552.00, whereas PHIL CAPRICE HOWARD then well knew that his total income was substantially more, all in violation of Title 26, United States Code, Section 7206(1).

## COUNT SEVEN

On or about February 16, 2017, in the Eastern District of North Carolina, PHIL CAPRICE HOWARD, defendant herein, a resident of Pink Hill, North Carolina, did willfully make and subscribe a false U.S. Individual Income Tax Return, IRS Form 1040, for the calendar year 2016, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said income tax return he did not believe to be true and correct as to every material matter, in that the said return: (1) failed to disclose that PHIL

CAPRICE HOWARD was engaged in the operation of a business activity related to the purchase, sale, and transportation of cut-rag tobacco as well as farming activities from which he derived gross receipts or sales; and (2) stated on line 22 of Form 1040 that his total income was $25,214.00, whereas PHIL CAPRICE HOWARD then well knew that his total income was substantially more, all in violation of Title 26, United States Code, Section 7206(1).

## COUNT EIGHT

1. On or about March 10, 2016, in the Eastern District of North Carolina, PHIL CAPRICE HOWARD, while under oath and testifying in a proceeding before a Grand Jury of the United States in Greenville, North Carolina, knowingly did make a false material declaration, that is to say:

2. At the time and place aforesaid the grand jury was conducting an investigation to determine whether violations of Title 18, United States Code, Section 1014 and other criminal provisions had been committed, and to identify the persons who had committed, caused the commission of, and conspired to commit such violations. It was material to said investigation that the grand jury ascertain the relationship of PHIL CAPRICE HOWARD to the target of that investigation.

3. At the time alleged, PHIL CAPRICE HOWARD appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to the material matter alleged in paragraph II as follows:

>  Q. And what is your cell phone number, sir?

5

  A. (XXX) XXX-3540.

  Q. Do you have any other cell numbers?

  A. <u>No</u>.

[False Declaration underlined above]

  4. The aforesaid underscored testimony of PHIL CAPRICE HOWARD, as he then and there well knew and believed, was false in that, beginning from on or about July 19, 2014, through on or about June 16, 2017, PHIL CAPRICE HOWARD also possessed and used a "burner mobile phone" ending in (XXX)-XXX-4538, and in fact, calls were placed on that "burner mobile phone" the day of grand jury, and toll records revealed that between August 17, 2014, and March 3, 2016, there were at least 441 calls/attempted calls between this burner phone and the cellphone number of the target, and between April 6, 2016, and December 14, 2016, there were at least 11 calls/attempted calls between this burner phone and the cellphone number of the target.

  All in violation of Title 18, United States Code, Section 1623.

## COUNT NINE

  1. On or about March 10, 2016, in the Eastern District of North Carolina, PHIL CAPRICE HOWARD, while under oath and testifying in a proceeding before a Grand Jury of the United States in Greenville, North Carolina, knowingly did make a false material declaration, that is to say:

  2. At the time and place aforesaid the grand jury was conducting an investigation to determine whether Title 18, United States Code, Section 1014 and

6

other criminal provisions had been committed, and to identify the persons who had committed, caused the commission of, and conspired to commit such violations. It was material to said investigation that the grand jury ascertain the relationship of PHIL CAPRICE HOWARD to the target of that investigation and whether the target ever used HOWARD to conceal the sale of tobacco in exchange for payment.

3. At the time alleged, PHIL CAPRICE HOWARD appearing as a witness under oath at a proceeding before the grand jury knowingly made the following declaration in response to questions with respect to the material matter alleged in paragraph II as follows:

> Q. Okay. So, you've been farming. . . . Other than farming and working a bit of construction and maintenance for Mr. [R] since 2014, do you do anything else?
>
> A. Uh-uh. Well, I take -- I mean, I -- I kind of help take care of my mama, but that's basically about the only thing I -- well, and I have -- I was gonna say I -- I have run construction equipment too now. Not lately, but I've done that in some of them years. Run a bulldozer and a excavator.
>
> . . .
>
> Q. Do you have income from any other sources other than these two – your farming operations and Mr.[R]?
>
> A. <u>No.</u>

[False declaration underlined above].

4. The aforesaid underscored testimony of PHIL CAPRICE HOWARD, as he then and there well knew and believed, was false in that, from in or about 2010, the exact date unknown, and continuing up to and including March 10, 2016, and thereafter, PHIL CAPRICE HOWARD was engaged in a business involving the purchase, sale, and exchange of at least $10.8 million in cut-rag tobacco and cigarettes for profit, and in connection with that business, between August 23, 2012, and February 10, 2016, Mr. [R] provided approximately $2.5 million dollars toward the purchase of cut-rag tobacco by and through PHIL CAPRICE HOWARD.

All in violation of Title 18, United States Code, Section 1623.

## COUNT TEN

### BACKGROUND

At all times relevant to this Second Superseding Indictment,

1. PHIL CAPRICE HOWARD, defendant herein, was a resident of Pink Hill, North Carolina.

2. New Duplin Tobacco Warehouse, Inc. was a North Carolina corporation located in Wallace, North Carolina, engaged in the business of tobacco and grain sales.

3. Tinidril, Inc. ("Tinidril") was a North Carolina corporation located in Raeford, North Carolina, engaged in the business of tobacco sales.

4. Legato Enterprises, Inc. ("Legato") was a North Carolina corporation located in Laurinburg, North Carolina, engaged in the business of tobacco sales.

5. Tobacco Rag Processors, Inc. was a North Carolina corporation located in Wilson, North Carolina, engaged in the business of tobacco processing.

6. Alliance One Speciality Products, LLC was a North Carolina corporation located in Wilson, North Carolina, engaged in the business of tobacco processing.

7. Sandhills Tobacco Inc. was a North Carolina corporation, located in Wilson, North Carolina, engaged in the business of wholesale and retail sales of tobacco products.

8. Akwesasne was a Mohawk Nation territory that straddles the United States and Canada borders and state (New York) and provincial (Ontario and Quebec) boundaries on both banks of the St. Lawrence River.

9. The portion of the Awkesasne Indian reservation in the United States is located in Franklin County, New York.

10. Kahnawake is a Mohawk Nation territory located on the south shore of the St. Lawrence River in Quebec, Canada, across from Montreal.

11. Cut rag tobacco was tobacco cut into fine strips and used to manufacture cigarettes.

12. The Canadian federal government imposed excise duties on cut rag tobacco imported into Canada. The Quebec provincial government also imposed taxes on the sale of cut rag tobacco. When cut rag tobacco was smuggled into Canada and one or more of those taxes were not paid, Canadian cigarette manufacturers that produced cigarettes with smuggled cut rag tobacco earned a larger profit.

## THE CONSPIRACY

13. Beginning in or about 2010, and continuing up to and including the date of this Second Superseding Indictment, the exact dates being unknown, in the Eastern District of North Carolina and elsewhere, PHIL CAPRICE HOWARD, defendant herein, and others both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, agree, and have a tacit understanding with each other to commit wire fraud, that is, the conspirators devised and intended to devise a scheme and artifice to defraud Canada and its provinces of tax revenues, and to obtain money and property by means of false and fraudulent presentences, representations and promises, through the smuggling of cut rag tobacco, and did transmit and caused to be transmitted by means of wire communication, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF THE CONSPIRACY

14. It was the object of the conspiracy to make as much money as possible through the sale and smuggling of cut rag tobacco into Canada.

## MANNER AND MEANS

15. The manner and means by which HOWARD and his co-conspirators would and did carry out the conspiracy included, but were not limited to the following:

   a. HOWARD purchased and caused to be purchased cut rag tobacco from New Duplin Warehouse, Inc.

b. HOWARD purchased and caused to be purchased cut rag tobacco from TRP through Tinidril and Legato.

c. HOWARD purchased and caused to be purchased cut rag tobacco from Alliance One Specialty Products LLC through Sandhills Tobacco Inc.

d. HOWARD also purchased cut rag tobacco directly from TRP.

e. HOWARD arranged for truck drivers to transport the cut rag tobacco from Wilson, North Carolina, to New York, on or near the Awkesasne Reservation.

f. The co-conspirators thereafter arranged for the cut rag tobacco to be smuggled into Canada to avoid Canadian federal excise duties and provincial taxes.

g. HOWARD arranged for truck drivers to transport cash received from the sale of the cut-rag tobacco back to North Carolina.

h. HOWARD also received payment for the cut rag tobacco in the form of cigarettes.

i. HOWARD arranged for truck drivers to transport cigarettes from New York to North Carolina. The truck drivers used false bills of lading to conceal the fact that the cigarettes were being delivered to HOWARD.

j. Between June 23, 2010, and November 28, 2016, the exact dates being unknown, the conspirators caused payments for cut rag tobacco shipments to be made to HOWARD via interstate and foreign wire transfers.

11

k. Between 2010 and 2018, HOWARD communicated with the drivers via cellular phones, including "burner" phones, to arrange for the transportation of cut rag tobacco, cigarettes, and/or cash.

l. Between 2010 and 2018, the conspirators sold and caused to be sold, and transported and caused to be transported, smuggled and caused to be smuggled, at least 6,136,971 pounds of cut rag tobacco from North Carolina to Canada.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS ELEVEN THROUGH TWENTY-NINE

1. Paragraphs 1 through 12 and 15 of Count Ten above are re-alleged and incorporated as if fully set forth herein.

2. On or about the dates set forth below, in the Eastern District of North Carolina and elsewhere, PHIL CAPRICE HOWARD, defendant herein, and others both known and unknown to the Grand Jury, did devise and intend to devise a scheme and artifice to defraud Canada and its provinces of tax revenues, and to obtain money and property by means of false and fraudulent presentences, representations and promises, through the smuggling of cut rag tobacco, and did transmit and caused to be transmitted by means of wire communication, in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, and did aid and abet each other in so doing, as set forth in more details below:

| COUNT | DATE (on or about) | ORIGIN OF WIRE TRANSFER | AMOUNT ($US) |
|---|---|---|---|
| 11 | 5/5/2016 | Nation Trading Hogansburg NY | 2,000.00 |
| 12 | 5/10/2016 | Nation Trading Hogansburg NY | 78,032.00 |
| 13 | 5/11/2016 | Individual with initials "GH" Bombay NY | 49,985.00 |
| 14 | 5/13/2016 | D&B Smokes Bombay NY | 26,000.00 |
| 15 | 5/17/2016 | Individual with initials "JL" St Regis Quebec | 35,990.00 |
| 16 | 5/24/2016 | Nation Trading Hogansburg NY | 60,000.00 |
| 17 | 5/24/2016 | Individual with initials "CD" Kahnawake Quebec | 89,965.00 |
| 18 | 5/24/2016 | Individual with initials "RD" Kahnawake Quebec | 39,975.00 |
| 19 | 6/1/2016 | Nation Trading Hogansburg NY | 111,540.00 |
| 20 | 6/3/2016 | Nation Trading Hogansburg NY | 85,000.00 |
| 21 | 6/8/2016 | Individual with initials "CD" Kahnawake Quebec | 95,965.00 |
| 22 | 6/9/2016 | Nation Trading Hogansburg NY | 85,000.00 |
| 23 | 6/21/2016 | Nation Trading Hogansburg NY | 96,192.00 |
| 24 | 7/18/2016 | Individual with initials "GH" Bombay NY | 74,985.00 |
| 25 | 8/16/2016 | Individual with initials "GH" Bombay NY | 74,985.00 |
| 26 | 8/17/2016 | Individual with initials "CD" Kahnawake Quebec | 95,965.00 |
| 27 | 9/19/2016 | Individual with initials "GH" Bombay NY | 74,985.00 |
| 28 | 10/14/2016 | Individual with initials "GH" Bombay NY | 64,985.00 |
| 29 | 11/28/2016 | Individual with initials "GH" Bombay NY | 49,985.00 |

Each count being a separate violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE NOTICE

The defendant is hereby given notice that all of the defendant's interest in all property specified herein is subject to forfeiture.

Upon conviction of one or more of the offense(s) set forth in Counts Ten through Twenty-Nine of this Second Superseding Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s) or a conspiracy to commit such offense(s).

The forfeitable property includes, but is not limited to, the gross proceeds of the offense(s) described in Counts Ten through Twenty-Nine of this Second Superseding Indictment personally obtained by the defendant, in the amount of at least $15,956,124.60.

If any of the property described above, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without

14

difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 10 APR 2019

ROBERT J. HIGDON, JR.
United States Attorney

BY: /s/ Banumathi Rangarajan
BANUMATHI RANGARAJAN
Senior Litigation Counsel
Criminal Division

15