IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CR-60-D
No. 4:21-CV-147-D

PHIL CAPRICE HOWARD, )
)
Petitioner, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
Respondent. )

On October 4, 2021, Phil Caprice Howard ("Howard" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 78-month sentence [D.E. 117]. On November 10, 2021, the government moved to dismiss Howard's section 2255 motion [D.E. 121] and filed a memorandum in support [D.E. 122]. On November 18, 2021, Howard and his wife submitted letters concerning his section 2255 motion [D.E. 124]. On December 1, 2021, Howard responded in opposition to the government's motion to dismiss [D.E. 125]. On December 13, 2021, the government replied [D.E. 126]. As explained below, the court grants the government's motion to dismiss and dismisses Howard's section 2255 motion.

I.

From approximately 2010 until at least January 2019, Howard engaged in a complex tobacco-smuggling, wire-fraud, and money-laundering scheme. See, e.g., Presentence Investigation Report ("PSR") [D.E. 104] ¶¶ 11–12, 19–31; Plea Agr. [D.E. 82]. Howard acted as a broker between tobacco wholesalers, sellers, and processing companies in North Carolina, and contraband cigarette manufacturers in Canada. See PSR ¶¶ 19–24. He arranged for the purchase and transport of cut-rag

tobacco from North Carolina to upstate New York, where co-conspirators would smuggle it across the Canadian border to avoid taxes and other duties, and deliver it to contraband cigarette manufacturers in Canada. See id. Howard's co-conspirators sometimes wired payment to him, using various means to conceal the nature and source of the funds. See id. ¶¶ 19–20, 22, 24–25. Howard also filed several false tax returns. See id. ¶¶ 13–17, 25.

On November 20, 2021, pursuant to a plea agreement and waiver of indictment, Howard pleaded guilty to a superseding criminal information charging willfully filing a false tax return in violation of 26 U.S.C. § 7206(1) (count one) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) and 18 U.S.C. § 1956(a)(1) (count two). See [D.E. 79, 82]. Pursuant to the plea agreement, the government agreed to dismiss the second superseding indictment which charged seven federal tax crimes, two counts of making false material declarations to the grand jury, one count of conspiracy to commit wire fraud, and 19 counts of aiding and abetting wire fraud. See Plea Agr. ¶ 4a; [D.E. 38] 1–14.

On May 20, 2021, the court held Howard's sentencing hearing and adopted the facts set forth in the PSR. See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR; [D.E. 106]; Sent. Tr. [D.E. 116] 4. The court calculated Howard's offense level to be 28, his criminal history category to be I, and his advisory guideline range to be 78 to 97 months' imprisonment. See Sent. Tr. at 5. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Howard to 36 months' imprisonment on count one and 78 months' concurrent imprisonment on count two for a total of 78 months' imprisonment. See [D.E. 106, 108]; Sent. Tr. at 5–21. Howard did not appeal.

II.

In his section 2255 motion, Howard argues that (1) the government "violated [his] due

2

proccess rights when it charged [him in count two] with a crime that [he] did not committ and for violations of Canadian tax law," and (2) he received ineffective assistance of counsel because his counsel allowed him to plead guilty to the conspiracy to commit money laundering charge and failed to challenge the tax loss amount used in calculating his advisory guideline range. See [D.E. 117] 5–7. The government disagrees. See [D.E. 122].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

3

A.

Howard procedurally defaulted his due process claim concerning count two by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Howard from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Howard has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999).[1] Thus, this claim fails.

Alternatively, Howard's plea agreement contains a collateral-attack waiver. See Plea Agr. ¶ 2(e). In the waiver, Howard agreed

> To waive knowingly and expressly the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Howard's Rule 11 proceeding, the collateral-attack waiver is enforceable. See [D.E. 106]; United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689

---

[1] Howard claims that he did not raise this due process claim on direct appeal because the government "forced [him] to forfeit [his] right to appeal." [D.E. 117] 5–6. But Howard voluntary agreed to the appellate waiver in his plea agreement and did not challenge the legality of his plea agreement on appeal. See Fed. R. Crim. P. 11(b)(1)(N).

4

F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Howard's due process claim falls within the collateral-attack waiver, and the waiver bars the due process claim.

As for Howard's argument about the tax loss amount, Howard stipulated to that loss amount in his valid and enforceable plea agreement. See Plea Agr. ¶ 5(a)(i). Howard cannot use section 2255 to attack his advisory guideline range retroactively. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). Thus, the claim fails.

B.

As for Howard's ineffective assistance of counsel claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–96 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court

5

must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing "that there is a reasonable probability that," but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1965. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

Howard alleges that his guilty plea on count two was not knowing and voluntary because his counsel failed to properly advise him about count two and allowed him to plead "guilty on a crime that was not committed." [D.E. 117] 5–6. Howard's sworn statements during his Rule 11 hearing contradict this claim, and Howard's sworn statements bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); Lemaster, 403 F.3d at 221–23. At his Rule 11 hearing, while under oath, Howard affirmed he was fully satisfied with counsel's services. The court read the both charges to Howard, including the conspiracy to commit money laundering charge in count two of the superseding criminal information. Howard affirmed that he read the plea agreement and discussed it with his attorney and that he understood each term in the plea agreement before signing it. Howard affirmed that no one had threatened him or anyone else or forced him in any way to plead guilty. Howard affirmed that he had committed and was, in

6

fact, guilty of counts one and two of the criminal information. The government then provided an extensive factual basis for each count. Howard did not object to the government's proffer, and the court accepted the factual basis for Howard's guilty plea.[2] Accordingly, Howard's guilty plea was knowing and voluntary, and the court accepted Howard's guilty plea with a proper factual basis.

Alternatively, Howard has not plausibly alleged prejudice concerning counsel's performance. To the extent Howard's attorneys failed to advise him about the elements of count two before his guilty plea, the court cured any prejudice from that failure during the Rule 11 hearing and before Howard pleaded guilty. Moreover, Howard admitted during the rule 11 hearing that he committed the crime alleged in count two. Thus, Howard's claim fails.

In opposition, Howard argues that he was wrongly convicted in count two of laundering proceeds derived from violating Canadian tax law. See [D.E. 117] 5; [D.E. 124] 1; [DE. 125] 6–7, 9. However, as Howard admitted in the plea agreement and during his Rule 11 hearing, and as described in the PSR and at sentencing, Howard was charged with, pleaded to, and convicted of laundering the illegal proceeds of his wire fraud. See [D.E. 79]; Plea Agr. at 8–9; PSR ¶¶ 19–20; Sent. Tr. at 13–14. Accordingly, Howard's ineffective assistance of counsel claim fails.

After reviewing the claims presented in Howard's motion, the court finds that reasonable jurists would not find the court's treatment of Howard's claims debatable or wrong and that the claims do not deserve encouragement to proceed. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[2] The PSR contains additional information fully supporting the charge and conviction on count two.

7

## III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 121], DISMISSES petitioner's section 2255 motion [D.E. 117], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 11 day of August, 2022.

JAMES C. DEVER III
United States District Judge